IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| PRINSBANK, a Minnesota banking corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 2:15cv64-MHT (WO) |
| GLEN E. POWELL, an individual; BARBARA C. POWELL, an individual; JOHNNY W. CRAVEY, an individual; SONNY WAYNE CRAVEY, an individual; JOHN ASHLEY CRAVEY, an individual; LISA S. CRAVEY, an individual; and HEATHER CRAVEY, an individual, and OLLIE CRAVEY, an individual, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

JUDGMENT AND DECREE OF FORECLOSURE

This matter comes before the court upon plaintiff

PrinsBank's motion for summary judgment against

defendants Glen Powell, Barbara Powell, Johnny Cravey,

Sonny Wayne Cravey, John Ashley Cravey, Lisa S. Cravey,

Heather Cravey, and Ollie Cravey (collectively, "Defendants"). Based on the representations of the parties during the conference call on the record November 18, 2015, during which all parties agreed that Prinsbank has met the requirements for entry of summary judgment under Federal Rule of Civil Procedure 56, and based upon the court's review of the motion, the court finds that Prinsbank has met the requirements for entry of summary judgment under Rule 56.

According, it is ORDERED that the motion for summary judgment (doc. no. 32) is granted, and it is the ORDER, JUDGMENT, and DECREE of the court as follows:

1. Defendant Glen E. Powell ("Powell") and Defendants John Ashley Cravey, Johnny Wayne Cravey and Sonny Wayne Cravey (collectively, the "Craveys") have defaulted on a loan transaction with PrinsBank pursuant to that certain Promissory Note dated April 27, 2004 in the original principal amount of

$2,010,000.00 that was later extended and modified by the April 27, 2005 Change in Terms Agreement and thereafter reaffirmed and modified by the Settlement Agreement and Loan Modification Agreement entered into on September 5, 2013 (the "April 27 Note");

2. Powell and the Craveys also defaulted on a loan transaction with PrinsBank pursuant to that certain Promissory Note dated April 26, 2004 in the original principal amount of $1,060,119.00 that was later extended and modified by the April 25, 2005 Change in Terms Agreement thereafter reaffirmed and modified by the Settlement Agreement and Loan Modification Agreement entered into on September 5, 2013 (the "April 26 Note");

3. John Ashley Cravey defaulted on a loan transaction with PrinsBank pursuant to that certain Promissory Note dated October 10, 2002 in the original principal amount of $40,000.00 thereafter

3

reaffirmed and modified by the Settlement Agreement and Loan Modification Agreement entered into on September 5, 2013 (the "October 10 Note,");

4. Defendants Glen E. Powell, John Ashley Cravey, Johnny Wayne Cravey and Sonny Wayne Cravey are indebted to PrinsBank on the April 27 Note in the amount of $3,718,401.10.  This amount consists of $2,201,283.45 in unpaid principal and $1,517,117.65 in accrued in unpaid interest.  PrinsBank is further entitled to per diem interest of $366.88 from September 10, 2015 through November 20, 2015 totaling $26,048.48;

5. Defendants Glen E. Powell, John Ashley Cravey, Johnny Wayne Cravey and Sonny Wayne Cravey are indebted to PrinsBank on the April 26 Note in the amount of $1,808,460.94.  This amount consists of $1,059,071.55 in unpaid principal and $749,389.39 in accrued and unpaid interest.  PrinsBank is further entitled to per diem interest of $227.99

from September 10, 2015 through November 20, 2015
totaling $16,187.29;

6. Defendant John Ashley Cravey is indebted to
PrinsBank on the October 10 Note in the amount of
$56,372.41.  This amount consists of $34,143.54 in
unpaid principal and $22,228.87 in accrued and in
unpaid interest.  PrinsBank is further entitled to
per diem interest of $7.11 from September 10, 2015
through November 20, 2015 totaling $504.81;

7. Judgment is therefore entered in favor of PrinsBank
and against Glen E. Powell, John Ashley Cravey,
Johnny Wayne Cravey and Sonny Wayne Cravey in the
amount of $5,569,097.81 plus per diem interest of
$594.87 from November 20, 2015 until the
indebtedness is satisfied;

8. Judgment is entered in favor of PrinsBank and
against John Ashley Cravey on the October 10 Note
in the amount of  $56,877.22 plus per diem interest

of $7.11 from November 20, 2015 until the indebtedness is satisfied;

9. The Defendants' indebtedness on the April 27 Note, April 26 Note, and October 10 Note is secured by the mortgage liens in favor of PrinsBank pursuant to the following mortgages:

    a. Powell and Barbara C. Powell signed a Mortgage dated June 27, 1996 and recorded in the probate records of Covington County in Book 920, page 909, assigned to and held by PrinsBank, that contains a dragnet provision that secures borrower's obligations under the April 25 Note and April 27 Note;

    b. In conjunction with the April 27 Note, Powell and Barbara Powell signed an additional Mortgage dated April 27, 2004 and recorded in the probate records of Covington County in Book 2004, page 9125, assigned to and held by

6

PrinsBank, that secures borrower Powell's obligations under this Note;

c. John Ashley Cravey and Heather Cravey signed a Mortgage dated April 27, 2004 and recorded in the probate records of Covington County in Book 2004, page 9141, assigned to and held by PrinsBank, that secures the borrowers' obligations under the April 27 Note;

d. John Ashley Cravey and Heather Cravey signed a Mortgage dated October 10, 2002 and recorded in the probate records of Covington County in Book 2002, page 21895, assigned to and held by PrinsBank, that secures borrower John Ashley Cravey's obligations under the October 10 Note;

e. John Ashley Cravey signed an additional Mortgage dated April 27, 2004 and recorded in the probate records of Covington County in Book 2004, page 9131, assigned to and held by

7

PrinsBank, that also secures the borrower's obligations under the April 27 Note;

f. Sonny Wayne Cravey and Lisa S. Cravey signed an additional Mortgage dated April 27, 2004 and recorded in the probate records of Covington County in Book 2004, page 9110, assigned to and held by PrinsBank, that also secures borrowers' obligations under the April 27 Note;

g. Johnny Wayne Cravey and Ollie Cravey signed a Mortgage dated April 27, 2004 and recorded in the probate records of Covington County in Book 2004, page 9118, assigned to and held by PrinsBank, that secures the borrowers' obligations under the April 27 Note;

h. Sonny W. Cravey, Lisa S. Cravey, John Ashley Cravey and Johnny Wayne Cravey signed a Mortgage dated May 20, 2003 and recorded in the probate records of Covington County in Book 2004, page 5626, assigned to and held by

PrinsBank, that secures the borrowers' obligations under the April 27 Note;

i. Sonny W. Cravey and John Ashley Cravey signed a Mortgage dated April 7, 2014 and recorded in the probate records of Covington County in Book 2014, page 4896, in favor of and held by PrinsBank, that secures the borrowers' obligations under the October 10 Note, April 25 Note, and April 27 Note;

10. Judgment is therefore granted to PrinsBank to foreclose on its mortgage liens on the properties described in the above-referenced mortgages;

11. PrinsBank shall publish notices of sale for three consecutive weeks and conduct the sales of the properties in accordance with the terms set out in the notices of sale. PrinsBank shall execute and deliver a foreclosure deed to the successful bidder upon payment of the bid price in certified funds payable to PrinsBank. The foreclosure deeds

conveying the properties shall be submitted to the Court for confirmation following the sale. The expenses associated with the foreclosure sale shall be taxed as costs to the Defendants. If PrinsBank is the successful bidder, PrinsBank's bid price shall constitute a credit against the monetary judgment entered against the Defendant as set forth above;

12. Upon confirmation by the Court, the foreclosure of the properties shall be final and Defendants' statutory right of redemption, to the extent such right exists with each Defendant, shall expire one year therefrom;

13. This Court shall retain jurisdiction to enforce the terms of this final judgment.

The clerk of the court is DIRECTED to enter this document on the civil docket as a final judgment

10

pursuant to Rule 58 of the Federal Rules of Civil Procedure.

This case is closed.

DONE, this the 23rd day of November, 2015.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE